IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE SOTO,

          Plaintiff,

v.

CATHY JESS,

          Defendant.

ORDER

11-cv-567-slc

---

On November 27, 2013, *pro se* plaintiff Jose Soto, who was then represented by counsel,[1] asked the court to dismiss his case pursuant to Fed. R. Civ. P. 41(a)(2) provided that the court "retain jurisdiction solely to enforce the Settlement Agreement reached in this action and to hear any causes of action relating to or arising from the breach of the Settlement Agreement." Dkt. 148. I granted Soto's request in a text only order entered on December 2, 2013. Dkt. 149.

On January 9, 2014, Soto filed a letter asserting that defendant Cathy Jess had breached the settlement agreement between them because prison medical staff at the Waupun Correctional Institution (WCI) had stopped issuing him ice for his feet on December 28, 2013. Dkt. 150. He asks that the court issue an injunction requiring WCI to provide him with ice. Jess responded that the settlement agreement did not require the Department of Corrections (DOC) to issue him ice, and in any event, DOC is not in breach because WCI issues ice on a daily basis to all inmates. In addition, Belinda Schrubbe states that WCI issued Soto a medical restriction providing him with additional ice from October 2013 through December 28, 2013, and then extended that restriction to provide ice between January 6, 2014 and at least April 6, 2014.

Soto claims that DOC promised to follow a care plan prepared by a UW podiatrist who recommended that Soto be fitted for custom orthotics, stretch, wear a night splint and ice his feet daily. However, the settlement agreement between the parties reads in relevant part that:

---

[1] Attorneys Don Schott and Khalaf Khalaf agreed to represent plaintiff in this case *pro bono*. However, because their commitment terminated with judgment on the merits, Soto is now proceeding *pro se*.

> DOC will provide Jose Soto custom orthotics, at DOC's cost and without any monetary contribution by Soto, consistent with the plan outlined in the UW Podiatry report from Soto 's 10/25/2013 appointment. These custom orthotics shall be available to Soto to wear while he is housed in general population regardless of the DOC institution Soto is currently housed in or transferred to at a later date.
>
> Dkt.152, exh. 1 at ¶ 2.

This agreement clearly states that DOC will provide Soto with orthotics consistent with the care plan. It does not state that DOC otherwise must or will follow the UW's care plan, or more specifically, that DOC must or will provide Soto with ice for his feet. As a result, I find that defendant has not breached the settlement agreement.

In any event, it appears that the situation has been resolved. Soto acknowledges that he has received one cup of ice every day. Dkt. 154 at 2. Although Soto claims that this amount was inadequate to ice his feet and asserts that the only way he will receive enough ice is with a medical restriction, *id.* at 3, Soto has not disputed Schrubbe's averment that she has renewed a medical restriction that had expired on December 28, 2013, providing him with extra ice from January 6 to April 6, 2014.

Accordingly, it is ORDERED that Soto's request for court intervention in this matter is DENIED.

Entered this 11th day of March, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2