IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE SOTO,

        Plaintiff,

v.

CATHY JESS,

        Defendant.

ORDER

11-cv-567-slc

      Pro se plaintiff and prisoner Jose Soto has filed yet another motion for the court's assistance in enforcing the 2013 settlement agreement that he reached in this case with the Department of Corrections regarding his need for custom orthotics and shoes. Dkt. 218. According to the parties' settlement agreement, "[i]f Soto is housed in segregation at any DOC institution, he shall be provided with black Velcro shoes and arch support inserts, at DOC's cost and without any monetary contribution by Soto." Dkt. 152, exh. 1 at ¶ 2. In a terse filing entitled "Motion for Emergency Injunctive Relief and Sanctions Against Defendants for Willfully Breaching Settlement," Soto alleges that he was placed in segregation on September 7, 2021 without his velcro shoes and had not received them as of September 23, 2021, even though he notified Lieutenant Marwitcz and other prison staff about needing the special shoes. Soto also alleges that he is suffering pain in his back and lower extremities without the shoes. Dkt. 218.

      In response to Soto's motion, defendant Cathy Jess submitted a declaration from Captain Kyle Tritt, who avers that the property department received Soto's shoes and other property on September 7 but was not able to inventory it until September 17 because of staffing shortages. Dkt. 222 at ¶ 4. However, Tritt avers that Soto was given his special shoes on September 21 and confirms that staff know about the settlement agreement and Soto's need for the shoes. *Id.*

In an unsolicited reply brief, Soto contends that Tritt lied because Soto "was not issued his shoes until October 8th or so." Dkt. 223 at 2. Given the discrepancy, and to complete the record, I gave defendant an opportunity to respond, dkt. 226, and Tritt confirmed that Soto was given his shoes on September 21, dkt. 229. Soto moved for reconsideration of that order, arguing that a hearing is necessary to resolve a factual dispute. Dkt. 227. However, a hearing would not be helpful. Even though the parties disagree about when Soto received his shoes, Soto agrees that he now has them.

"To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citations and internal quotation marks omitted). Soto's circumstances fail to satisfy the threshold requirements for preliminary injunctive relief. Although it appears that Soto was without his velcro shoes for a few weeks, his request is now moot. Regardless of when Soto received his shoes, he cannot show that he will suffer irreparable harm if I decline his requested relief because he has in fact received his shoes.

Soto also asks that I impose sanctions to punish defendant's willful violation of the settlement agreement and compensate him for his resulting pain and suffering. The Court of Appeals for the Seventh Circuit has explained that "[a] court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737-38 (7th Cir. 1999) (internal citations omitted). In addition, civil contempt sanctions serve the remedial purpose of compensating the complainant for losses sustained as a result of the misconduct. *Id.*; *see also Feltner v. Title Search Co.*, 283 F.3d 838, 841 (7th Cir. 2002) (citing *id.*)

2

("Coercive sanctions are used to induce compliance with court orders in the future, while remedial sanctions compensate an aggrieved party for losses sustained for past disobedience of a court's order."). To sustain a claim for civil contempt, Soto must show that: (1) a court order set forth an unambiguous command; (2) defendant violated that command; (3) the violation was significant, meaning that defendant did not substantially comply with the order; and (4) defendant failed to take steps to reasonably and diligently comply with the order. *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008).

Although I understand that Soto is frustrated because he has had problems with getting his shoes in the past and he experiences pain when he is not wearing the shoes, defendant's conduct and the delay in providing Soto's shoes were not so significant or egregious to warrant sanctions in this instance. Once Soto's property from his regular cell could be inventoried, he was given his shoes. In his reply brief and motion for reconsideration, Soto argues that the fact that Tritt insists that Soto received his shoes on September 21 shows malicious intent on the part of Tritt and defendant. However, there is no evidence that anyone purposefully denied Soto his shoes in breach of the settlement agreement or that they intended to harm him in any way.

Accordingly, IT IS ORDERED that plaintiff Jose Soto's motion for emergency injunctive relief and sanctions, dkt. 218, and motion for reconsideration, dkt. 227, are DENIED.

Entered this 9th day of November, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge